UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>KENDALL J. NEWMAN, et al.,<br><br>    Defendants. | No. 2:20-cv-2069 TLN AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.   Introduction

Plaintiff Donny Steward is a state prisoner incarcerated in the California Health Care Facility under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned grants plaintiff's request to proceed in forma pauperis and recommends the dismissal of this action as frivolous.

II.   In Forma Pauperis Application

Plaintiff has submitted an affidavit and a copy of his prison trust account statement that together make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 7. Accordingly,

1  plaintiff's request to proceed in forma pauperis will be granted.

2  Plaintiff must still pay the statutory filing fee of $350.00 for this action over time. 28
3  U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee
4  in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will
5  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
6  and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly
7  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
8  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
9  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
10 1915(b)(2).

11       III.     Screening of Plaintiff's Complaint

12           A.     Legal Standards

13 The court is required to screen complaints brought by prisoners seeking relief against a
14 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
15 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
16 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
17 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
18 A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
19 Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
20 1984).

21 Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement
22 of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair
23 notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v.
24 Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
25 "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
26 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
27 Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to
28 state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

2

1     claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim
2     has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3     reasonable inference that the defendant is liable for the misconduct alleged.

4          "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however
5     inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
6     lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,
7     106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be
8     so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the
9     deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies
10    cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

11              B.     The Complaint

12         The complaint challenges the dismissal of one of plaintiff's many cases previously filed in
13    this court, specifically, Steward v. Thumser et al., Case No. 2:16-cv-01232 TLN KJN P. That
14    case was dismissed on March 29, 2019 as a sanction for plaintiff's willful refusal to appear for his
15    properly noticed deposition in violation of court order. Plaintiff also challenges the court orders
16    made in another of his prior cases, Steward v. Lynch et al., Case No. 2:18-cv-01227 KJM KJN P,
17    which was ultimately dismissed on July 29, 2020 at plaintiff's request.

18         The instant complaint names eight defendants: six federal judges, a California Deputy
19    Attorney General, and a CDCR Litigation Coordinator. In "kitchen sink" fashion, the complaint
20    alleges judicial misconduct, procedural error, the improper exclusion of evidence and violations
21    of plaintiff's rights under the Sixth, Seventh, Eighth and Fourteenth Amendments, the Breyer Act
22    and the Exclusionary Rule. Plaintiff seeks the reopening of Steward v. Thumser et al., Case No.
23    2:16-cv-01232 TLN KJN P; disqualification of the magistrate judge assigned that cases and an
24    award of damages against him in his individual capacity; assignment of the case to a different
25    magistrate judge and district judge; and reversal of orders entered in that case.

26              C.     Failure to State a Claim

27         The federal magistrate and district judges named in this action are absolutely immune
28    from suit for their judicial actions. See Mireles v. Waco, 502 U.S. 9, 11-2 (1991) (per curiam)

1  (citing Forrester v. White, 484 U.S. 219, 227-29 (1988) and Stump v. Sparkman, 435 U.S. 349,
2  356-57 (1978)); see also Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986)
3  (federal judge enjoys absolute judicial immunity when sued for actions that "were judicial in
4  nature and were not done in clear absence of all jurisdiction").

5        Similarly, the California Attorney General and assistant attorneys general are absolutely
6  immune for Section 1983 liability based on their presentation of the State's defense case.  See
7  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

8        In addition, the participation of a Litigation Coordinator in the administrative review of an
9  inmate appeal does not give rise to a cause of action.  See, e.g., Mann v. Adams, 855 F.2d 639,
10 640 (9th Cir.1988), cert. denied, 488 U.S. 898 (1988) (no constitutional right to an inmate appeal
11 or grievance process); accord Lewis v. Ollison, 571 F.Supp.2d 1162, 1170 (C.D. Cal. 2008)
12 (dismissing corrections personnel defendants who participated in the review and denial of
13 plaintiff's inmate appeals); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (prison
14 official's involvement in administrative appeals process cannot serve as a basis for liability in a
15 Section1983 action).

16       Plaintiff's allegations against these defendants attempt to assert myriad putative "claims of
17 infringement of [] legal interest[s] which clearly do[] not exist" and thus are "indisputably
18 meritless."  Neitzke, 490 U.S. at 325.  Plaintiff's putative claims set forth no "'factual and legal
19 basis, of constitutional dimension, for the asserted wrong[s].'"  Franklin, 745 F.2d at 1227-28
20 (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)).

21       Because the only defendants named in this case are absolutely or qualifiedly immune from
22 suit, or their challenged conduct is otherwise legally nonactionable, this court finds that the
23 complaint fails state a claim upon which relief can be granted within the meaning of 28 U.S.C. §
24 1915A(b), and cannot be cured by amendment.  "A district court may deny leave to amend when
25 amendment would be futile."  Hartmann v. California Department of Corrections and
26 Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129
27 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks
28 merit entirely.").  "[A] district court retains its discretion over the terms of a dismissal for failure

to state a claim, including whether to make the dismissal with or without leave to amend." Lopez, 203 F.3d at 1124.

Therefore the undersigned will recommend that this action be dismissed without leave to amend.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

In addition, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a claim, because it seeks monetary relief from defendants who are immune from such relief, and because it is factually and legally frivolous. See 28 U.S.C. § 1915A(b)(1), (2).

2. The dismissal of this action be designated a "strike" under the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after the filing date of these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////
////
////
////
////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE