UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | No. 2:20-cv-2069 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| KENDALL J. NEWMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with this civil rights action, requests appointment of counsel.

The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as indigency, lack of legal education and limited

1

1  law library access, do not establish exceptional circumstances warranting the appointment of
2  voluntary counsel.  Id.
3       The undersigned has already issued findings and recommendations in this case,
4  recommending dismissal without leave to amend because the complaint fails to state a claim,
5  seeks monetary relief from immune defendants, and is both factually and legally frivolous.  See
6  ECF No. 8.  For the same reasons, plaintiff is unable to demonstrate exceptional circumstances
7  warranting the appointment of counsel in this case.
8       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of
9  counsel, ECF No. 11, is DENIED.
10  DATED: November 24, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2